This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

NO. A-1-CA-37221

**JACOB AXE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Jacob Axe appeals his conviction for criminal sexual contact of a minor (under 13). We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. Not persuaded, we affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence to support his conviction for criminal sexual contact of a minor (under 13). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

{3}     In order to convict Defendant, the evidence had to show that Defendant intentionally touched or applied force to the breast of a child under the age of 13. [RP 83-84] Here, the State presented witness testimony (including Victim's) and videotape evidence that Defendant committed the charged crime. [MIO 1-2] Although Defendant testified [MIO 4] that he did not intentionally touch Victim's breast and that his furtive movements had an innocent explanation, the jury was free to interpret the evidence otherwise. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820 (stating that "[a] defendant's knowledge or intent generally presents a

question of fact for a jury to decide"); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDEREED.**


_____

                                        **MICHAEL E. VIGIL, Judge**


**WE CONCUR:**



_____
**DANIEL J. GALLEGOS, Judge**



_____
**JENNIFER L. ATTREP, Judge**